# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

THE HANOVER INSURANCE COMPANY,

        Plaintiff,

v.

TLC INVESTING, LLC, et al.,

        Defendants.

2:10-CV-575 JCM (LRL)

**ORDER**

Presently before the court is plaintiff Hanover Insurance Company's motion for temporary restraining order. (Doc. #2).

The instant dispute arises from an indemnity agreement between the parties. Among other things, defendants allegedly "agreed to pay Hanover upon demand an amount sufficient to secure Hanover for any claim made against Hanover on any bond." (Doc. #2 at 2:13–14). Plaintiff alleges that it relied on the promises contained in the agreement in issuing an "Off-Site Improvements Performance Bond" on behalf of defendant TLC for its "Grand Canyon Vistas Project." Thereafter, around February 24, 2011, plaintiff received a claim from Clark County against the bond arising out of defendant TLC's "alleged failure to complete the off-site improvements pursuant to the terms and conditions of the Agreement, demanding payment of the penal sum of the Bond." (*Id.* at 2:25–27). Plaintiff now seeks specific performance of the agreement to recover the amount of the bond, costs and expenses incurred in the investigation and administration of the bond, and attorney's fees.[1]

---

[1] Plaintiff Hanover contends that the full amount due in equity is $239,946.72. (Doc. #2 at 2:4).

**James C. Mahan**
**U.S. District Judge**

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. The Supreme Court has mandated that courts consider the following in determining whether to issue a temporary restraining order: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

The court finds that plaintiff has failed to show the second element required for the issuance of a temporary restraining order, the likelihood of irreparable injury. Although Hanover alleges that "[t]his is not simply an issue of monetary loss; rather it is an issue of impairing Hanover's expectation and requiring it to suffer any loss, even if only temporary, associated with the performance of the Indemnitor Defendants' duties[,]" that alone is insufficient to pass muster under the *Winter* test. *See Elias v. Connett*, 908 F.2d 521, 526–27 (9th Cir. 1990) (declining to issue a temporary restraining order where the plaintiff fails to show "more than mere monetary harm"). Plaintiff has alleged nothing more than monetary loss. Therefore, the court also finds that the plaintiff has failed to meet the third prong of the *Winter* test. Hanover in fact has an adequate remedy at law, to sue under the indemnity agreement and recover the disputed funds.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for temporary restraining order (doc. #2) is DENIED.

DATED May 16, 2011.

_____
UNITED STATES DISTRICT JUDGE