UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HANOVER INSURANCE COMPANY,  )
                 Plaintiff,  )
v.  )
TLC INVESTING, LLC, *et al.,*  )
                 Defendants.  )

2:11-CV-00711-JCM-LRL

**ORDER**

     Presently before the court is plaintiff Hanover Insurance Company's motion for reconsideration of this court's orders denying injunctive relief. (Doc. #12). Defendants TLC Investing, LLC and Lark L. Lowry have responded (doc. #16) and Hanover has replied (doc. #19).

     On May 16, 2011 this court denied Hanover's ex parte motion for a temporary restraining order (doc. #2), finding that Hanover had failed to show a likelihood of irreparable harm. (Doc. #8). For the same reason, this court denied Hanover's motion for a preliminary injunction (doc. #7) on June 9, 2011. Doc. #11). Citing additional case law, Hanover now requests the court to reconsider its previous decisions.

     "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* FED. R. CIV. P. 59(e); FED. R. CIV. P. 60(b).

     Plaintiff has uncovered three cases stating that a surety suffers irreparable harm when the collateral security provisions of indemnity agreements are not enforced. *See Hartford Fire Ins. v. 4-H Ventures, Inc.*, 2008 U.S. Dist. LEXIS 48602 (S.D. Tex. June 25, 2008) (granting preliminary injunction, finding irreparable harm because surety denied the benefit for which it bargained in

issuing bonds on behalf of the indemnitor); *Travelers Cas. & Sur. v. Ockerlund*, 2004 WL 1794915 (N.D. Ill. 2004) (granting preliminary injunction and explaining that if surety "must assume a primary obligor's obligation at all is a harm for which there is no adequate remedy at law"); *Hartford Fire Ins. Co. v. Universal Import, LLC*, 2009 WL 4042699 (D. Nev. 2009) (ordering specific performance of a collateral security agreement because a surety "does not have an adequate remedy at law for recovery of the $50,000 it seeks under the collateral security provision").

None of the cases Hanover cites to, however, are Ninth Circuit cases that would be binding upon this court. Additionally, Hanover has not presented new evidence, argued that this court committed a clear error or was manifestly unjust, or established an intervening change in controlling law. *See School Dist. No. 1J*, 5 F.3d at 1263.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Hanover Insurance Company's motion for reconsideration of this court's orders denying injunctive relief (doc. #12) be, and the same hereby is, DENIED.

DATED: August 26, 2011.

_____
UNITED STATES DISTRICT JUDGE